IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

KATHRYN A ELLIS, as trustee on behalf of
GREGORY CORLISS, a single person, CHAPTER 7
Bankruptcy No. 15-43566

Plaintiff,

vs

LARSON MOTORS, INC dba LARSON POWER SPORTS, ROBERT LARSON Sr., individually and in his official capacity as a corporate officer, and on behalf of his marital community with his wife, JENNIFER LARSON, EDWIN DEVI individually and officially in his capacity as General Manager,

Defendants.

No.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1. RACE DISCRIMINATION, 42 USC §1981 & §1981 as amended & RCW 49.60
2. SEXUAL HARRASSMENT, 42 U.S.C. § 2000 et seq. & RCW 49.60
3. RELIGION DISCRIMINATION, 42 U.S.C. 2000 et seq. & RCW 49.60
4. HOSTILE WORK ENVIRONMENT, 42 U.S.C. §2000e et seq. & RCW 49.60
5. RETALIATION, 42 U.S.C. §1981 et seq. & RCW 49.60
6. RETALIATION, RCW 51
7. NEGLIGENT SUPERVISION AND RETENTION

*COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss Page 1 of 19*

Beverly Grant Law Firm, P.S.

*3929 Bridgeport Way W., Ste. 208
University Place, WA. 98466
235-252-5454*

**COMES NOW** Plaintiff KATHRYN A ELLIS, as trustee and real party in interest on behalf of GREGORY CORLISS, a single person, CHAPTER 7 and Bankruptcy No. 15-43566 Gregory Corliss, by and though his attorney, Beverly Grant, and submits the following Complaint for Damages.

## I. NATURE OF ACTION

1.1 This is an action brought pursuant 42 U.S.C. §1981 and/or 1981(a) as amended; 42 U.S.C. 2000e-2(a)(1)(2) and/or RCW 49.60 pendent jurisdiction. Plaintiff alleges that he has been discriminated and retaliated against, denied equal rights in the terms and conditions of his employment e.g. Subjected to race, sex, religion discrimination and subjected to a hostile, intimidating work environment.

1.2 Plaintiff started working for Defendant on April 5, 2013 and was fired on July 27, 2013. Plaintiff would complain to his manager but they participated in the banter. Defendant Devi would brag that it would be futile to keep reporting harassment due to his romantic relationship with the HR manager, as he would only make Defendant Robert Larson Sr. angrier and give him a reason to fire him. Plaintiff asserts the following:

## II. JURISDICTION AND VENUE

2.1 Venue is proper in this Court under 28 U.S.C. § 1391(b) and because all the actions occurred in the Western District of Washington.

2.2 Venue is proper in this court under 28 U.S.C. §1391 (b)(c)(2) Plaintiff and individual Defendants and corporate entity are residents of the Western District of Washington;

*COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss Page 2 of 19*

*Beverly Grant* Law Firm, P.S.

*3929 Bridgeport Way W., Ste. 208*
*University Place, WA. 98466*
*235-252-5454*

2.3     Plaintiff alleges federal claims against each Defendant under the Civil Rights Act of 1866, as amended 42 U.S.C. §1981, 42 U.S.C. §1981 (a) as amended, 42 U.S.C. §2000e-2 et seq.

2.4     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, which grants district court jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

2.5     This court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (a)(4), which grants district court jurisdiction over any civil action to recover damages or to secure equitable relief under Act of Congress providing for the protection of civil rights.

2.6     Plaintiff alleges pendent state claim against each Defendant under Washington Law Against Discrimination Chapter 49.60 RCW.

2.7     Plaintiff Corliss filed a Charge of Discrimination against Defendant LARSON MOTORS, INC dba LARSON POWER SPORTS (hereinafter LMI) on July 23, 2013 with the Equal Employment Opportunity Commission (herein EEOC) Charge No. is 551-2013-01499. The EEOC issued its Notice of Right to Sue on March 30, 2016.

2.8     This court also has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a) because those claims arise out of the same case or controversy as the federal claims.

2.9     However, the real party in interest is Plaintiff Kathryn A. Ellis as the trustee in the bankruptcy action filed before the United States Bankruptcy Court at Tacoma on behalf of Plaintiff Gregory Corliss (CHAPTER 7 Bankruptcy No. 15-43566). This action was also stayed until approval from the U.S. Bankruptcy Court consented to the undersigned attorney

COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss Page 3 of 19

representation of Plaintiffs. It was ordered on April 16, 2016, that consent was given by the Hon. Brian D. Lynch ordering that the Trustee is authorized to employ Beverly G. Grant as special counsel for the Trustee with respect to the prosecution of the debtor's EEOC employment claims.

### III. **IDENITY OF PARTIES**

3.1 Kathryn A. Ellis as the trustee in the bankruptcy action filed before the United States Bankruptcy Court at Tacoma on behalf of Plaintiff Gregory Corliss (CHAPTER 7 Bankruptcy No. 15-43566) is the real party at interest.

3.2 Plaintiff Corliss currently is a resident of Pierce County, Washington. Plaintiff Corliss was a sales person of Defendant from April 5, 2013. On July 23, 2013 Plaintiff informs the Defendants know that he has filed with the EEOC (Equal Employment Opportunity Commission) On July 27, 2013 Defendant Larson Motors Inc., (herein "LMI") terminated Plaintiff Corliss after complaining about the hostile, intimidating, and discriminatory work environment.

3.3 Defendant Robert Larson Sr. is the President of Robert Larson Automotive Group (LMI) of which LMI and ratified the actions Edwin Devi. At all times material herein he acted in his official capacity and on behalf of his marital community with his wife, Jennifer Larson, who also is a corporate officer and serves as its secretary.

3.4 Defendant, "LMI" dba LARSON POWER SPORTS NORTHWEST is a subsidiary of The Robert Larson Automotive Group which is a corporation in Pierce County, Washington.

*COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss Page 4 of 19*

3.5     Defendant Edwin Devi at all times material hereto is the General Manager of LMI and ratified the actions of Defendant Robert Larson Sr. At all times material herein he acted in his official capacity and on behalf of his marital community with Defendant Jane Doe Devi.

Plaintiff adopts by reference the preceding paragraphs as though fully alleged herein and further states that;

## IV.     FIRST CAUSE OF ACTION-VIOLATION OF 42 U.S.C. §1981 and §1981(a) et seq. & RCW 49.60; VIOLATION OF CIVIL RIGHTS; Against All Defendants

Plaintiff adopts by reference the foregoing paragraphs-to-as though fully alleged herein and further states that:

4.1     Plaintiff is a Caucasian man. During the course of his employment he was continuously berated and called derogatory names outside of his race by both Defendants Robert Larson, Sr. and Edwin Devi. Said treatment adversely affected Plaintiff in the terms and conditions of his employment.

4.2     Plaintiff was being repeatedly called a "n...er" by his manager, Edwin Devi, who condoned and encouraged others such as Jeff Loughlin, Lance, and Matthew Gunderson to continue the racial epithets towards Plaintiff but to no avail. Plaintiff continuously let his supervisor and others know that he did not like being referred to by that name. He was also referred to by demeaning names like "Tommy Boy" from the movie "Tommy Boy" played by Chris Farley. Defendants were making Plaintiff out to be a failure and a laughing stock similar to the character Tommy Boy in the movie. It was demeaning and embarrassing for Plaintiff to be ridiculed in that way.

4.3     Defendant Devi's unwanted acts towards Plaintiff encouraged others to treat him the same way including racial and sexual jokes.

4.4     Plaintiff Corliss complained to Defendant Robert Larson Sr. and Robert Larson Jr. who did nothing to correct the situation. In fact, the banter continued from both Defendant Robert Larson Sr. and Defendant Edwin Devi.

4.5     Early in June, 2013, Plaintiff Corliss complained to Defendant Robert Larson, Sr., he had the upper manager, Dan Turner, call Plaintiff on his cell phone. During Plaintiff's conversation with Mr. Turner, Mr. Turner wanted to know why Plaintiff goes to Defendant Rob Larson Sr. to complain and that it would get him nowhere. Mr. Turner told Plaintiff that complaining to Defendant Robert Larson Sr. is like Plaintiff "kicking an old big bull in the balls." Mr. Turner said all that would happen by Plaintiff's complaining to Defendant Robert Larson Sr. is that Plaintiff is going to "piss off" Defendant Robert Larson Sr.

4.6     On July 24, 2013, Plaintiff Corliss forwarded a copy of the EEOC complaint to Defendants Rob Larson Sr. & Edwin Devi, as well as Robert Larson Jr., a corporate Vice President and the son of Robert Larson and Jennifer Larson, and Josh Larson. Defendants did nothing to stop the continuing hostile and harassing treatment of Plaintiff.

4.7     As a result and proximate cause of the violations of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981, Plaintiff has been injured and damaged in an amount to be proven at trial, for which he is entitled to recover all his actual and compensatory economic and non-economic, special and general damages.

Beverly Grant Law Firm, P.S.

*3929 Bridgeport Way W., Ste. 208*
*University Place, WA. 98466*
*235-252-5454*

    4.8  Plaintiff is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees against Defendants pursuant to the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988, and other authority.

    4.9  The conduct, acts, and/or omissions of Defendant constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of Plaintiff, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages against Defendant pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981a, and other authority.

    4.10  Plaintiff has been intentionally discriminated against in the terms and conditions of his employment with the corporate Defendants and individual defendants as a result of his race and his association and/or empathy to treat all races without a desire to discriminate against them.

    4.11  Plaintiff Corliss complained to Robert Larson who did nothing to correct the situation. Plaintiff will seek damages to be proven at the time of trial.

    4.12  Plaintiff repeatedly objected to his supervisor, Defendant Devi about these offensive comments referencing his race but nothing was ever done to abate the offensive conduct.

## V.  **SECOND CAUSE OF ACTION –SEXUAL HARRASSMENT against Defendants; Violations of 42 U.S.C. § 2000(e) et. seq. and/or RCW 49.60**

Plaintiff incorporates the preceding paragraphs as though alleged herein and further states that:

5.1   Defendant Ewin Devi would make sexual overtures and inappropriate and unwelcomed overtures towards Plaintiff.

5.2   Plaintiff Corliss was subjected to ongoing sexual comments from his manager, Edwin Devi.

5.3   From the beginning of Plaintiff's employment, the Defendant Devi, the general manager, directed daily comments of a demeaning, patronizing, profane and sexual nature toward the Plaintiff. Defendant Devi asked the Plaintiff each day if he had "gotten laid." Defendant Devi called Plaintiff Corliss "Tommy Boy" (from a movie) and encouraged others to use this nickname with Plaintiff. Defendant Devi showed Plaintiff a movie segment of men having sex in the first few weeks of his employment, calling it a "training video."

5.4   Plaintiff Corliss repeatedly asked Defendant Devi to refrain from his offensive conduct towards Plaintiff. Defendant Devi's frequent retort to Plaintiff Corliss when he complained about his overtures was to make daily references and comments that he, Defendant Devi, would ask Plaintiff Corliss to perform oral sex on him.

5.5   Defendant Devi made sexist and demeaning comments about Plaintiff Corliss to Jeff Loflin, a sales and finance manager, in front of customers while Plaintiff Corliss was trying to close a deal in the presence of another employee. The customers uncomfortable with the situation. The customers could tell that Plaintiff Corliss was embarrassed and the customers, as a result, felt that they could not trust the managers.

5.6   In June, 2013, Plaintiff, while at work, was forced by his manager, Edwin Devi, to watch a video rape scene between the two men in the movie "Deliverance". Throughout his employment, Defendant Edwin Devi continued to make sexually explicit comments to Plaintiff

and threatened Plaintiff that he "would hire a big black "n...er" to f..k him (Plaintiff) in the ass if he did not sell more boats."

5.7     While in Defendant Devi's office and presence, Plaintiff Corliss was deliberately hit in his testicles by a supervisor named Jeff Loflin. Defendant Devi took no action towards Jeff Loflin. This occurred after the employees had finished watching the video clip of the movie Deliverance.

5.8     Plaintiff Corliss reported this incident to Defendant Devi and told Defendant Devi that he did not like watching graphic sexual video clips, nor be anywhere that was what was being displayed.

5.9     Defendant Devi repeatedly would make inappropriate sexual overtures. Plaintiff Corliss repeatedly asked him to refrain from the offensive conduct, but Defendant Devi frequent retort to Plaintiff Corliss was to say "suck my d--k". He made this type of comment in front of customers while Plaintiff Corliss was trying to close a deal on a sale. Defendant Devi nicknamed his penis "The Cobra".

5.10    Defendant Devi showed Plaintiff Corliss a picture of a vagina that Defendant Devi said was of one of the females that worked at Larson Power Sports Northwest that also was his old girlfriend. Plaintiff Corliss told Defendant Devi to "Please stop doing this to me."

5.11    Defendant Robert Larson Jr. told Plaintiff Corliss "Get out of my way, you fat f..k!" when Plaintiff inquired about not getting his full compensation on boat sales he had closed.

5.12    Plaintiff Corliss told Defendant Devi that he would report these incidents to Human Resources. Defendant Devi however, made it known to Plaintiff Corliss and bragged that

little would be done as to address any of his (Plaintiff's) complaints. Defendant Devi said this to Plaintiff boastfully because of his (Devi's) continuous sexual affair with the Human Resource Manager.

5.13 The situation became emotionally difficult for Plaintiff Corliss. He sought medical treatment for depression.

5.14 Defendant Devi stated that all complaints or the numerous times where Plaintiff Corliss complained, he was reminded of Defendant Devi's relation with the manager, and that he would just raise the angst of Defendant Robert Larson Sr. and that all complaints started and finished with him and that it was futile for Plaintiff Corliss to complain elsewhere. Plaintiff Corliss seeks damages to be proven at the time of trial.

## VI. THIRD CAUSE OF ACTION--RELIGIOUS DISCRIMINATION; VIOLATION OF TITLE VII 42 U.S.C. § 2000 e-2 et seq, & RCW 49.60 AGAINST ALL DEFENDANTS

Plaintiff adopts by reference the foregoing paragraphs-to-as though fully alleged herein and further states that: Defendants made comments and statements about Plaintiff Corliss' religion made to embarrass him. These comments were randomly made without provocation and continuous throughout Plaintiff Corliss' employment with Defendant.

6.1 Plaintiff is a member of the Latter Day Saints (LDS) religion. A supervisor, Jeff Loflin, made disparaging comments about the LDS religion in Defendant Devi's presence. Defendant Devi would ask Plaintiff the number of wives he had and whether he belonged to a cult.

6.2 Defendant Devi, Plaintiff Corliss' supervisor, was aware that Plaintiff Corliss moved to Washington from Utah and was getting a divorce. Defendant Devi asked Plaintiff

Corliss "How many wives are you divorcing? Do you have to divorce them all?" Defendant Devi was continuously making reference to Plaintiff Corliss' religion of Latter Day Saints.

6.3     Plaintiff Corliss was offended at the comments made about multiple wives because he has only been married once—and to only one wife. He made it known to Defendant Devi that he found the comments offensive towards him and his religion.

6.4     Jeff Loflin, sales person and finance manager constantly made comments about how "the guys here drank and smoked—that is the way we do it here." They made these comments to try and get a response from Plaintiff Corliss, who did not want to participate in their conversations about drinking, smoking, and sex.

6.5     Defendant Devi would make frequent statements and inquiries as to the type of underwear Plaintiff wore and whether he Defendant Devi would be allowed to view Plaintiff's underwear. Defendant told Plaintiff that he heard that LDS members wear garments. Plaintiff said it was none of his business.

6.6     No corrective action was taken by management to stop the harassment. Plaintiff Corliss did complain to HR manager Jill, but it was after Plaintiff filed a complaint with the EEOC (July 26th, 2013) and shortly thereafter, he was terminated by Defendant.

## VII. FIFTH CAUSE OF ACTION--HOSTILE WORK ENVIRONMENT AGAINST ALL DEFENDANTS 42 U.S.C. §1981 et seq., and/or RCW 49.60

Plaintiff adopts by reference the foregoing paragraphs-to-as though fully alleged herein and further states that:

7.1   Defendants created a hostile working environment for Plaintiff Corliss. Plaintiff and other employees were subjected to accommodating supervisors when they requested employees to participate in conversations that were sexual in nature and watch videos with graphic, sexual content or they would be terminated.

7.2   Nearly every morning when Plaintiff Corliss came in to work, Defendant Devi would ask Plaintiff if "he got laid last night". Defendant Devi would tell Plaintiff that it was not that hard to get laid, all you had to do was go on Craig's List and find someone to give you (Plaintiff) oral sex. Defendant Devi even told Plaintiff Corliss that he could probably find a man to do it for free.

7.3   Defendant Devi told Plaintiff Corliss that Plaintiff could suck "The Cobra", which was Defendant Devi's nickname for his penis, saying that Defendant Devi wouldn't care, he would just close his eyes.

7.4   In Plaintiff Corliss' presence, a 21-year-old female receptionist for Defendant Larson was asked by Defendant Devi if her p-u-y had hair on it or not; was it shaved? She transferred to another store within the Larson Group to escape the hostility and sexual harassment.

7.5   Another employee was forced to watch the rape scene between two men in the movie Deliverance. This employee was then told that it (rape) would happen to him too.

7.6   Defendant Devi gave Plaintiff Corliss his email password. On the days that Defendant Devi was off, Plaintiff Corliss was to have access to the computers. Many of the employees knew each other's passwords for the computers, there was no expectation of privacy

as to the emails and the contents of those emails. Defendants Larson and Devi exchange emails that contain the phrases:

- Can I fire the f..ker?
- In a f--king "short" bus!
- Lol…it's not funny but everyone always stares at the short bus!!
- …I was given meds to slow me down and boy did it. I never took Diazepam (Valium) before in my life, it felt like I was drunk.
- This woman does not have a fucken clue.
- These guys are working their asses off and she don't give a shit…
- We need to have all the emails between Bauer and Wambaugh pulled ASAP.
- How dare you talk to me in "caps" you pompous ass, are you forgetting who I am?
- I think we need to look long and hard at getting rid of this thing now. Our salesman is an uncooperative flake.
- This is how we dooooooz it jigga!!!!
- How's my porch monkey doing today? Robert Larson Sr. referring to Defendant Devi
- "We have the biggest accounting nightmare upstairs. This woman does not have a f..king clue!!!…Maybe we should hold her pay and see how she feels."
- "ALL THAT MATTERS IS GROSS, WE GET IT EVERYTHING WORKS, WE DON'T GET IT, IT IS ALL OVER, SO DO WHAT THE HELL PROMOTES GROSS, LIKE A GOOD PROFESSIONAL WEB SITE WITH PRICES."

Defendant Robert Larson, Sr. and Devi would communicate to Plaintiff Corliss and others in derogatory sexual and racial terms daily.

7.7     Defendant Robert Larson Jr., or "Rob" is the son of Defendants Robert Larson Sr. and Jennifer Larson.  He also serves as Vice-President of the corporation., The Robert Larson Automotive Group, Inc.

7.8     Plaintiff Corliss was forced to file a complaint with the EEOC after he had informed his supervisor about the harassment and discrimination that he had been forced to endure at the hands of his employer for the entirety of his employment with Defendants.

COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss   Page **13** of **19**

*Beverly Grant* Law Firm, P.S.

*3929 Bridgeport Way W., Ste. 208*
*University Place, WA. 98466*
*235-252-5454*

## VIII. SIXTH CAUSE OF ACTION--RETALIATION FOR FILING A DISCRIMINATION CLAIM AGAINST ALL DEFENDANTS

Plaintiff adopts by reference the foregoing paragraphs-to-as though fully alleged herein and further states that:

8.1   Plaintiff Corliss incorporates by reference the preceding paragraphs and states that he was subjected to retaliation as a result of notifying Defendant Devi on July 23rd, 2013 of the discrimination complaint that he had filed with the EEOC. Plaintiff was fired on July 27, 2013. The reason given to Plaintiff as to why he was fired was that Plaintiff Corliss was instructed by his physician to call out to work due to his knee injury.

8.2   Plaintiff Corliss decided to file a complaint against the employer with the Equal Employment Opportunity Commission (EEOC) for violation of the Civil Rights Act (Title VII) on July 23, 2013.

8.3   The final straw that caused the Plaintiff to file the complaint occurred on July 23, 2013. Defendant Devi asked the Plaintiff in front of a 21-year-old female co-worker, whether Plaintiff thought the 21-year-old co-worker "had a shaved pu..y" or "hair on it." The Plaintiff could not believe this comment. Sexually persuasive comments were common in the workplace.

## IX. SEVENTH CAUSE OF ACTION--RETALIATION FOR FILING A LABOR AND INDUSTRIES CLAIM AGAINST DEFENDANT LARSON MOTORS, INC dba LARSON POWER SPORTS

Plaintiff adopts by reference the foregoing paragraphs-to-as though fully alleged herein and further states that:

9.1 Plaintiff Corliss incorporates by reference the preceding paragraphs and states that he was subjected to ongoing retaliation as a result of notifying Defendant Devi that he had filed a claim with Labor and Industries (herein "L&I") on June 17, 2013.

9.2 Plaintiff Corliss injured his knee while on the job at LMI on June 17th, 2013. After seeking medical treatment, the doctor determined that Plaintiff Corliss had torn the meniscus on his right knee and was given specific medical instructions on how much time he was to spend standing (1 hour at a time), walk (0.5 hour at a time), and could walk a total of 3 hours per day. He was to resume full unrestricted activities when he was cleared by his physician after reevaluation. He filed a L&I claim, case #88721.

9.3 L&I made a decision on Plaintiff Corliss' wage complaint and the decision was made on March 6, 2014. Plaintiff Corliss was to be paid $8,246.59 by Defendant Larson Motors for back wages. This amount was to be paid to Plaintiff Corliss, less applicable taxes, by April 21, 2014.

9.4 Plaintiff Corliss went to several L&I doctors. LMI was aware that Plaintiff Corliss had doctor's appointments but accused him of "disappearing" while they believed that Plaintiff Corliss was supposed to be on the job.

9.5 Plaintiff Corliss returned to work on June 18th, 2013. He asked LMI for accommodation because Plaintiff Corliss was on crutches. LMI refused to accommodate Plaintiff.

9.6 As part of the Labor and Industries decision. LMI was to pay him for regular hours worked and additional commissions. Defendant was to pay Plaintiff Corliss' child support payments. The State of Washington DSHS Division of Child Support (DCS) sent an income

withholding for Support to both Toyota of Tacoma and The Robert Larson Automotive Group requesting payment. DCS had not received any payment as of January 1, 2015. L&I did make four payments to The Department of Human Services $4,426.20 towards Plaintiff Corliss child support in Utah, however, Defendant still owes Plaintiff Corliss $3,820.20.

    9.7    Plaintiff Corliss suffered damages to be proven at trial.

## X. EIGHTH CAUSE OF ACTION--NEGLIGENT SUPERVISION AND RETENTION AGAINST DEFENDANTS ROBERT LARSON, SR & LMI

Plaintiff incorporates the preceding paragraphs alleged herein, incorporates them by reference and further states that Defendants Robert Larson Sr., and Edwin Devi:

    10.1    As the employer, LMI and Defendants owed and breached duties to Plaintiff Corliss including, but not limited to:

    a) the duty not to employ or retain employees (Defendant Devi and others) whom they know or should know to be unfit or grievous;

    b) the duty to exercise care appropriate to the circumstances in hiring, supervising, and retaining employees; and

    c) the duty to exercise due diligence to determine whether an applicant or employee is or has become unfit or grievous.

    10.2    Defendants Larson Motors, Inc. dba Larson Power Sports, Robert Larson Sr. and their agents and employees, had actual, constructive, and/or imputed notice and knowledge of the grievous propensities of Defendant Edwin Devi and other individuals they employed, including Defendant's son, Defendant Robert Larson Jr., and of the ability of said employees to manipulate though management and supervision subordinate employees to cause distress to Plaintiff Corliss.

COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss Page **16** of **19**

*Beverly Grant* Law Firm, P.S.

*3929 Bridgeport Way W., Ste. 208
University Place, WA. 98466
235-252-5454*

10.3  Such notice and knowledge made the injuries to Plaintiff Corliss foreseeable.

10.4  Despite such knowledge, Defendants failed to exercise ordinary care to adequately supervise and discipline Defendant Devi and other employees involved.

10.5  Despite knowledge, power, and duty Defendants Larson Motors, Inc. dba Larson Power Sports, Robert Larson Sr. and their agents and employees, negligently failed to act so as to prevent, supervise, monitor, review, evaluate, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff Corliss and other targets of harassment, discrimination, hostile work environment, and retaliation as is alleged and referenced herein.

10.6  As a direct and proximate result of the failure of Larson Motors, Inc. dba Larson Power Sports, Robert Larson Sr. and their agents and employees, to protect Plaintiff Corliss and to adequately supervise, monitor, review, evaluate, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of Defendants themselves, their agents, managers, and employees as alleged herein, said conduct, acts, and failures to act were perceived by said Defendants, their agents, managers, and employees as, and in fact had the effect of: ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act, thereby causing reasonably foreseeable injury to Plaintiff Corliss.

10.7  As a direct and proximate result of the failure of Larson Motors, Inc. dba Larson Power Sports, Plaintiff Corliss was unable to see his son due to failure to pay child support, which Defendant Larson Motors, Inc. dba Larson Power Sports was responsible to pay as per the L&I Agreement.

10.8   Such failure(s) to exercise ordinary care breached the above-referenced duties of care, proximately causing injury and damages to Plaintiff Corliss referenced herein.

## XI. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor as to each cause of action and against all Defendants as available under law and damages to be proven at the time of trial and as follows:

1. Actual damages under RCW 49.60, et. seq. and Title VII
2. General damages for emotional distress;
3. Future Wage Loss;
4. Compensatory Damages
5. Special damages for medical treatment, including psychological counseling, presently received and what is necessary in the future; loss of family companionship;
6. Lost profits;
7. Punitive damages as permitted by law;
8. Cost of finding alternative employment
9. Prejudgment and post-judgment interest;
10. Reasonable attorney's fees and costs; and
11. Further and additional relief the Court deems to be just and equitable.

1  DATED this _12th_ of May, 2016

2

3                                      Beverly Grant Law Firm, P.S.

4                                      By: /s/ Beverly Grant
                                       Beverly Grant, WSBA #8034
5                                      Attorney Kathryn A. Ellis, Trustee on behalf
                                       of Gregory Corliss

COMPLAINT FOR DAMAGES -Plaintiff Gregory Corliss Page **19** of **19**

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W., Ste. 208
University Place, WA. 98466
235-252-5454