HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHRYN A ELLIS, as trustee on behalf of GREGORY CORLISS, CHAPTER 7 Bankruptcy No. 15-43566<br><br>Plaintiff,<br><br>v.<br><br>LARSON MOTORS INC., dba LARSON POWER SPORTS, ROBERT LARSON, SR., EDWIN DEVI, JENNIFER LARSON,<br><br>Defendants. | CASE NO. C16-5354 RBL<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER is before the Court on Defendants' Motion for Partial Summary Judgment [Dkt. 29]. Plaintiff Gregory Corliss alleges his supervisor at Larson Power Sports repeatedly harassed, discriminated, and ultimately retaliated by firing him during his brief employment as a sales associate at Defendants' boat dealership in 2013. Defendants contend Corliss was terminated after several unexcused absences from work and move for partial summary judgment on Corliss's race discrimination, hostile work environment, and negligent supervision claims.

ORDER ON MOTION FOR PARTIAL SUMMARY
JUDGMENT - 1

# I. BACKGROUND

**A. Parties**

Defendant Larson Motors Inc. d/b/a Larson Power Boats/Sports Northwest (Larson Power Sports) is a boat and ATV dealership located in Fife, WA. Defendant Edwin Devi is the General Manager of Larson Power Sports and served as Corliss's supervisor during his employment. Defendant Rob Larson, Sr. is the owner of Larson Motors Inc.

Plaintiff Gregory Corliss is a former sales associate at Larson Power Sports. Plaintiff Kathryn A. Ellis is a Chapter 7 bankruptcy trustee and brings the present lawsuit on behalf of Corliss.

**B. Factual Background**

Corliss was employed at Larson Power Sports for approximately three and half months from April 2013 to July 2013. Corliss alleges that he was the victim of relentless sexual, religious, and racial harassment by Devi during this period. Corliss asserts that he was fired by Devi in retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC), while Defendants maintain that Corliss was terminated after several unexcused absences and for harassing a customer.

**C. Procedural Background**

Corliss filed for Chapter 7 bankruptcy in 2015 and listed his claims against Defendants as an asset. The bankruptcy trustee initiated this lawsuit on Corliss's behalf. Corliss alleges seven claims for relief based on federal and Washington law: (1) race discrimination; (2) sexual harassment; (3) religious discrimination; (4) hostile work environment; (5) retaliation for filing a workers' compensation claim; (6) retaliation for filing a discrimination claim with the EEOC; and (7) negligent supervision and retention. Dkt. 2. The Court has sufficient information to rule on the motion and oral argument will not aid in rendering a decision.

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

## III. ANALYSIS

Defendants move for summary judgment on Corliss's race discrimination, hostile work environment, and negligent supervision claims.[1] These three claims are evaluated in turn.[2]

---

[1] Defendants do not move for summary judgment on Corliss's retaliation, sexual harassment, or religious discrimination claims. Dkt. 29 at 2.

[2] Corliss spends a disproportionate amount of his responsive briefing and his entire sur-reply arguing that the Court should strike certain late-certified deposition transcripts submitted by Defendants. *See* Dkt. 35 at 1–4; Dkt. 39. While Defendants should have timely certified the

## A. Race Discrimination Claim

Corliss (who is Caucasian) contends that Devi (who is a person of color) discriminated against him because he is white. Dkt. 35 at 6–7. Corliss alleges Devi frequently addressed him using a derogatory slur for African Americans. Defendants argue that being subjected to offensive language regarding other races is not actionable as a race discrimination claim and that there is no causal link between Corliss's termination and his race. Dkt. 29 at 7; Dkt. 36 at 5. In response, Corliss contends that Devi regularly discriminated against white employees and highlights deposition testimony alleging Devi frequently used vulgar racial or ethnic slurs to describe minority customers. Dkt. 35 at 8–9. Defendants argue, "[i]f true, these alleged comments would be incredibly offensive and inappropriate, and reflect a broad lack of racial sensitivity on Devi's part, but they do not reflect or imply a specific bias against white people." Dkt. 36 at 5.

At issue is whether a Caucasian male can maintain a claim for racial discrimination based on the allegation that his supervisor called him by derogatory slurs disparaging racial minority groups of which he is not a member. Both Title VII of the Civil Rights Act and the Washington Law Against Discrimination (WLAD) make it unlawful for an employer to discriminate against an employee based on race. *See* 42 U.S.C. § 2000e-2(a)(1); Wash. Rev. Code § 49.60.180. To establish a *prima facie* claim of race discrimination in violation of Title VII, Corliss must show that (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of the protected class were treated more favorably. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028

---

transcripts, the Court declines to strike the transcripts where there is no genuine question as to their authenticity.

(9th Cir. 2006). The elements of a *prima facie* claim of race discrimination under the WLAD are similar, requiring Corliss to demonstrate that (1) he belongs to a protected class; (2) he was treated less favorably in the terms or conditions of his employment (3) than a similarly situated, non-protected employee; and (4) that Corliss and the non-protected employee were doing substantially the same work. *Washington v. Boeing* 101 P.3d 1041, 1048 (Wash. Ct. App. 2000).

Corliss cannot meet either standard. Other than the conclusory allegation that Devi discriminated against white employees, Corliss does not allege facts indicating that non-white employees were treated more favorably by Defendants. If anything, the allegations against Devi suggest he harbors racial animus against minorities, not Caucasians. While the words allegedly used by Devi are beyond inappropriate, Devi's alleged use of derogatory slurs targeting minorities is insufficient to support Corliss's claim that he was fired because he is Caucasian. *See Welzel v. Bernstein*, 436 F. Supp. 2d 110, 121 (D.D.C. 2006) (dismissing plaintiff's claim for retaliation under §1981 and Title VII where supervisor's conduct "demonstrated racial animus to plaintiff, who is white, but there is no evidence to indicate that that [the supervisor] engaged in any racially discriminatory practice vis-à-vis any African-American."). Accordingly, Defendants' motion for partial summary judgment on Corliss's race discrimination claim is **GRANTED**, and that claim is **DISMISSED WITH PREJUDICE**.

**B. Hostile Work Environment Claim**

Corliss also asserts a hostile work environment claim under Title VII and the WLAD. Defendants argue Corliss cannot link the alleged harassment to a protected characteristic such as race, gender, religion, age, or disability, and that his claims fail as matter of law. Corliss does not address the substance of Defendants' argument, instead responding with numerous instances of alleged misbehavior by Devi. Dkt. 35 at 9–10.

To establish a hostile work environment claim,[3] Corliss must demonstrate that he was subjected to unwelcome verbal or physical conduct of a harassing nature because of a protected characteristic like gender, race, or religion, and that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir. 2000); *see also Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1081 (W.D. Wash. 2014) (citing *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 421 (9th Cir. 2013)).[4] In addition, Corliss must show that a reasonable person would find the work environment to be hostile or abusive and that he in fact found it so. *Id.* "Courts should bear in mind, however, that Title VII is not a general civility code. A violation is not established merely by evidence showing sporadic use of abusive language, gender-related jokes, and occasional teasing." *Prospect Airport Serv.*, 621 F.3d at 998 (internal quotations omitted).

Corliss has pleaded sufficient facts suggesting severe and pervasive harassment by Devi beyond sporadic teasing. Defendants' argument that the hostile work environment claim is insufficiently tethered to a protected characteristic is without merit, as Corliss's complaint articulates specific examples of sexual harassment as well as harassment targeting his religious affiliation with the Church of Latter Day Saints. Dkt. 2 at 10–11. Because Corliss has raised a genuine issue of material fact, Defendants' motion for partial summary judgment is **DENIED** on Corliss's hostile work environment claim.

---

[3] The analysis for hostile work environment claims is the same under Title VII and the WLAD. *See Fall v. Delta Air Lines Inc.*, 2016 WL 2962232 (W.D. Wash. May 20, 2016) (citing *Antonius v. King Cty.*, 103 P.3d 729, 737 (Wash. 2004)).

[4] Discrimination on the basis of gender includes sexual harassment in the form of a hostile work environment. Both sexes are protected from discrimination. *See E.E.O.C. v. Prospect Airport Serv., Inc.*, 621 F.3d 991, 997 (9th Cir. 2010).

## C. Negligent Supervision/Retention Claim

Defendants argue Corliss's negligent supervision claim against Robert Larson, Sr. and Larson Motors Inc. is duplicative as a matter of Washington law and must be dismissed. Dkt. 29 at 11–12. Corliss does not address the substance of Defendants' argument.

Under Washington law, negligent supervision "creates a limited duty to control an employee for the protection of third parties, even where the employee is acting outside the scope of employment." *Chapman v. Progress Rail Serv. Corp.*, 2015 WL 7345761 (W.D. Wash. Nov. 19, 2015) (citing *Niece v. Elmview Grp. Home*, 929 P.2d 420, 427 (Wash. 1997)). However, claims against an employer for negligently supervising an employee who commits a tort are not always applicable:

> In Washington, a cause of action for negligent supervision requires a plaintiff to show that an employee acted outside the scope of his or her employment. But when an employee commits negligence within the scope of employment, a different theory of liability—vicarious liability applies. Under Washington law, therefore, a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's action occurred within the course and scope of employment.

*LaPlant v. Snohomish Cty.*, 271 P.3d 254, 256–57 (Wash. Ct. App. 2011) (citations omitted). Furthermore, negligent supervision claims are duplicative and must be dismissed if they are based on the same facts underpinning a claim for unlawful discrimination. *See Ellorin*, 996 F. Supp. 2d at 1093–94; *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1193 (Wash. Ct. App. 2000) (affirming trial court's dismissal of negligent supervision/retention claim where plaintiff relied on the same facts to support her discrimination claim).

Corliss's claim for negligent supervision stems from the same conduct complained of in the discrimination and sexual harassment claims (i.e. alleged inappropriate touching and forcing Corliss to watch a scene depicting a sexual assault from the movie "Deliverance"). *Compare* Dkt. 35 at 16–17, *with* Dkt. 2 at ¶5.6, 5.7. Furthermore, "LMI concedes that it is vicariously

ORDER ON MOTION FOR PARTIAL SUMMARY
JUDGMENT - 7

liable for the alleged conduct of Larson, Jr. and Devi because each was a manager acting within the scope of his employment." Dkt. 29 at 11. Because Corliss's negligent supervision claim is based on the same facts alleged in the sexual harassment claim, and because Larson Motors concedes that it is vicariously liable for the tortious conduct of its employees, the negligent supervision claim is both redundant and improper under Washington law. Accordingly, Defendants' motion for partial summary judgment on Corliss's negligent supervision and retention claim is **GRANTED**, and that claim is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Defendants' Motion for Partial Summary Judgment [Dkt. 29] is **GRANTED IN PART** with respect to Plaintiffs' race discrimination and negligent supervision claims. The motion is **DENIED IN PART** with respect to the hostile work environment claim.

Plaintiffs' sexual harassment (claim 2), religious discrimination (claim 3), hostile work environment (claim 4), and retaliation claims (5 and 6) remain to be resolved at trial.

IT IS SO ORDERED.

Dated this 20th day of October, 2017.

Ronald B. Leighton
United States District Judge